**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 26, 2005**

_____
**FRANK R. MONROE**
**UNITED STATES BANKRUPTCY JUDGE**
_____

```
              UNITED STATES BANKRUPTCY COURT
               WESTERN DISTRICT OF TEXAS
                    AUSTIN DIVISION

IN RE:                       §
                             §    Administratively Consolidated
CKG ENERGY, INC.             §    CASE NO. 04-11551-FM
CKG PIPELINE, LLC            §    CHAPTER 11
        Debtor(s)            §
```

**MEMORANDUM OPINION**
**EMERGENCY MOTION TO COMPEL ACCESS TO DEBTOR'S PROPERTY**

The Court held an expedited hearing on July 25, 2005 at 1:30 p.m. upon the Emergency Motion to Compel Access to Debtor's Property ("Motion") filed by the Chapter 11 Trustee on July 21, 2005. The Trustee appeared in person and through counsel. The parties against whom relief was requested (the "Randals") appeared pro se since they were unable to obtain counsel on such short notice to represent them. The Court heard the arguments of the parties and considered the evidence tendered. In its ruling the Court denied the Motion for the reasons stated on the record. Upon reflection, the Court feels that it is important to outline in writing the reasons relied upon by the Court in denying the Motion.

The Court concludes that the relief requested is inappropriate and should be denied because of the following primary reasons:

1. Throughout the pendency of this case, which was filed as an involuntary Chapter 11 case on December 31, 2003, the actions of the primary creditors who have been active in this case leave the Court with the distinct impression that they were all primarily taking action in this case as a manner of obtaining the assets of this estate for their own future use and benefit [the involuntary being filed primarily for that purpose] as opposed to the purpose of seeing that creditors are paid as much as possible from the assets of the estate.

2. The Trustee has been, through no fault of his own, unable to take much constructive action because of the constant infighting, bickering, and litigation between the primary creditors in this estate.

3. When the involuntary was filed, there were eighteen (18) months remaining on the term of the oil and gas lease in which the Randals are the lessors and the Debtor is the lessee by assignment from Inter-American Corporation.

4. The New Mexico Energy, Minerals and Natural Resources Department has previously put the Trustee on notice with regard to the oil and gas lease in question that, "This office will require that this reclamation work be completed prior to any further testing of these wells and that a plan for development of this project with specific time lines also be submitted." Such notice was given July 23, 2004.

5. The Trustee now wants the Court to require the Randals to allow a representative of the Trustee, Cedar Gas Company, as operator of the Randals' lease, to enter upon the real property owned by the Randals and test one of the wells drilled by Debtor

pursuant to the lease. The lease terminates July 31, 2005.

6. The Debtor is in material default under the lease and an environmental nightmare exists having been created by either the incompetence or gross negligence of the Debtor in its exercise of its rights under the oil and gas lease with the Randals.

7. This environmental nightmare is only going to get worse.

8. The obvious purpose of the Trustee in seeking to test one well is to see if there is enough value to justify making the shut-in royalty payment required under the lease prior to July 31, 2005 in order to have the lease not terminate.

9. Such request is completely inappropriate under the circumstances outlined above.

10. If the Trustee wants the lease not to terminate, then the Trustee should pay the advance shut-in royalty required under paragraph 3 of the oil and gas lease. It is inappropriate for the Trustee as representative of the lessee to hedge his bet by [after this case has been pending for eighteen (18) months and upon the eve of the termination of the lease by its very terms] seeking to establish that there is some value to the lease that would justify the expenditure of funds to pay the shut-in royalty. This is especially true since the only plan of reorganization presently pending before the Court is that filed by one of the petitioning creditors Silver Spirit, LLC in which Silver Spirit, LLC as proponent of the plan makes the allegation that the Randals' lease has no value at all. It is for these reasons that the Motion to Compel Access to Debtor's Property is denied.

###

Copy to:

Rebecca S. McElroy
Martinec, Winn, Vickers & McElroy, P.C.
919 Congress Ave., Suite 1500
Austin, TX 78701-2156
FAX 512/476-0753
Counsel for Trustee

Jason R. Searcy, P.C.
P.O. Box 3929
Longview, TX 75606
FAX 903/757-9559
Counsel for Cedar Gas Company

James T. Randals
Dorothy R. Randals
Trustees for Randals Revocable Family Trust
5427-A Quay Rd. BK
Tucumcari, NM 88401

Richard Randals
HC 30, Box 612
Tucumcari, NM 88401

Jina D'Ann Randals Vick
1221 South Second St.
Tucumcari, NM 88401

T-4 Cattle Company, LLC
P.O. Box 865
Tucumcari, NM 88401

Tim O'Quinn
Box 927
Tucumcari, NM 88401
FAX 505/461-0173
Counsel for the Randals